UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Application of LUIS JAVIER MARTINEZ SAMPEDRO for an Order Pursuant to 28 U.S.C. § 1782 to Compel Discovery for Use in a Foreign Proceeding | : : : : : : : | CASE NO. 3:18 MC 47 (JBA) <br><br> NOVEMBER 30, 2018 |

RULING ON PETITIONER'S RENEWED MOTION TO COMPEL

I. BACKGROUND

The Court presumes familiarity with the underlying facts and procedural history of this case and, therefore, will only discuss relevant portions of such in this ruling.[1] On October 30, 2018, United States District Judge Janet Bond Arterton issued a ruling in which she granted in part and denied in the part the motion of the respondents, Silver Point Capital, LP ("Silver Point"), Contrarian Capital Management, LLC ("Contrarian"), David Regenato ("Regenato"), and Norman Raul Sorensen Valdez ("Sorensen"), to quash subpoenas served upon them by the petitioner, Luis Javier Martinez Sampedro, and concurrently denied without prejudice Petitioner's Motion to Compel.[2] *See In re Sampedro*, No. 3:18-MC-47 (JBA), 2018 WL 5630586, at *6 (D. Conn. Oct. 30, 2018) ["October 30, 2018 Ruling"]. In the October 30, 2018 Ruling, the Court directed the parties to "meet and confer in a good faith effort to resolve their dispute about the appropriate breadth of document production in light of this Ruling that some discovery may be had under Section 1782." *Id.* at 5. The Court noted also that Petitioner's motion to compel was denied

---

[1] A more detailed recitation of the underlying background is found in the Court's October 30, 2018 Ruling on Respondents' Motion to Quash and Petitioner's Motion to Compel. *See In re Sampedro*, No. 3:18-MC-47 (JBA), 2018 WL 5630586, at *1 (D. Conn. Oct. 30, 2018).

[2] The Court granted Respondents' Motion to Quash only as it applied to Petitioner's attempt to obtain deposition testimony from Sorensen and Timothy Lavelle, a representative of Silver Point, as both had been compelled to testify previously in the Spanish court. *See In re Sampedro*, 2018 WL 5630583, at *4.

"without prejudice to immediately renew if the parties are unable to reach an agreement within 14 days of this Ruling regarding the appropriate scope of discovery." *Id.* at 6.

On November 13, 2018, Petitioner filed a Renewed Motion to Compel (Doc. No. 56). On the following day, Petitioner filed an Emergency Motion to Expedite his Renewed Motion to Compel (Doc. No. 59), and the Court referred both motions to this Magistrate Judge.[3] (Doc. No. 60). On that same day, Respondents filed their response to Petitioner's Emergency Motion to Expedite (Doc. No. 65), and Petitioner filed his reply. (Doc. No. 67).

On November 15, 2018, the Court issued an order granting in part and denying in part Petitioner's emergency motion to expedite (Doc. No. 69), and consistent with that order, Respondents filed their briefs in opposition to Petitioner's Renewed Motion to Compel on November 19, 2018 (Doc. Nos. 72 and 73), and on November 23, 2018, Petitioner filed his reply. (Doc. No. 75).

For the reasons detailed below, Petitioner's Renewed Motion to Compel (Doc. No. 56) is GRANTED in part and DENIED in part.

II.  DISCUSSION

In the October 30, 2018 Ruling, the Court made clear the following: the Motion to Quash filed by Respondents Silver Point, Contrarian, and Regenato was granted only with respect to Petitioner's attempt to obtain deposition testimony from a representative of Silver Point, and denied in all other respects; the Motion to Quash filed by Respondent Sorensen was granted only with respect to Petitioner's attempt to obtain deposition testimony from Sorensen, and denied in

---

[3] Also, on November 14, 2018, Respondents Silver Point, Contrarian, and Regenato filed a Motion to Compel Reciprocal Discovery Pursuant to 28 U.S.C. § 1782 (Doc. No. 61), and Respondent Sorensen filed a Motion for Joinder in the Motion to Compel Reciprocal Discovery (Doc. No. 66). These motions were referred to this Magistrate Judge on November 15, 2018 (Doc. No. 68), and on that same date, the Court granted Sorensen's Motion for Joinder. (Doc. No. 70). The Court will address the Motion to Compel Reciprocal Discovery in a separate ruling.

all other respects; the Court also denied Respondents' request for reciprocal discovery and did not place any limitations on the use of discovery materials produced in this case. *See In re Sampedro*, 2018 WL 5630586, at *5–6. The Court directed the parties to "meet and confer in a good faith effort to resolve their dispute about the appropriate breadth of document production in light of this Ruling that some discovery may be had under Section 1782." *Id.* at *5.

Despite the parties' attempts to resolve the discovery dispute, they continue to disagree about the documents that must be produced in response to Petitioner's subpoenas. In particular, they dispute the scope of the October 30, 2018 Ruling and the meaning of the Court's phrase, "appropriate breadth of document production," as it relates to the discovery dispute. Petitioner understands the phrase to refer to the date ranges, search terms, and "hit reports" regarding the documents sought in the subpoenas. Respondents, however, believe that the phrase applies to the entire scope of the discovery sought through the subpoenas.[4] The Court noted in the October 30, 2018 Ruling that Respondents "specifically [took] issue with Petitioner's request for 'all documents' relating to 'Codere, its management, or the Sampedro Brothers'"; however, the Court did not conclude that the subject matter of the request was overly broad or otherwise unduly burdensome. *See id.* Instead, the Court found that "*search terms* like 'Codere' and 'Sampedro' are too general," but that "*searches* related to the run up to Petitioner's removal would likely be less burdensome for the Respondents." *Id.* (emphasis added).

---

[4] For instance, in an email dated November 8, 2018, counsel for Petitioner stated "[w]e are seeking to narrow the subpoena by trying to negotiate with you a mutually-agreeable search protocol." Doc. No. 64-5 at 4. In response, on November 12, 2018, counsel for Respondents Silver Point, Contrarian, and Regenato stated that his clients "continue to believe that it is premature to discuss search terms until we can agree on the proper scope of the subpoena." Doc. No. 64-5 at 2. Also, in an email to counsel for Respondent Sorensen, dated November 2, 2018, counsel for Petitioner explained: "you stated that it is premature to negotiate search terms, and that we should first limit the 'scope of discovery sought'"; he continued that Petitioner does not "read the Court's order to limit the topics set forth in the subpoenas," and "[i]nstead, the [C]ourt stated that we should meet and confer and suggested discussing potentially (i) limiting the time period covered by the subpoena, and (ii) narrowing some of the search terms—both modifications designed to reduce *burdens*." Doc. No. 58-4 at 13 (emphasis in original).

The Court noted also that Respondents "argue[d] that a lengthy date range is inappropriate because the events at issue in the Spanish Litigation occurred on only two days." *Id.* The Court concluded that, "[t]hough Respondents may be entitled to seek a shorter date range than Petitioner requests, Petitioner's allegations about a scheme which culminated in the actions taken at those meetings suggest that documents from some time period leading up to those meetings would be relevant," as the allegations "encompassed actions and decisions which allegedly occurred over several months or years," and "[t]he Court expects that, at a minimum, documents from the time period between the December 1, 2017 meeting and the January 12, 2018 [meeting] could be highly relevant." *Id.* Therefore, "the appropriate breadth of document production" appears to relate to the date range and search terms used to obtain documents responsive to Petitioner's request, not the subject matter of the requests themselves.

As Respondents are now clear on the meaning of the phrase, "appropriate breadth of document production," the parties are directed again to meet and confer to determine the search terms for obtaining documents responsive to Petitioner's subpoenas, including tailoring common names and search terms to avoid an abundance of responses not relevant to this case. The Court, however, will impose the following limitations on the document production: (1) Respondents are to use Petitioner's proposed search terms and provide Petitioner with hit reports for all search terms used in order to aid the parties in their meet and confer discussions and, in particular, to determine what search terms, if any, need to be narrowed or discarded entirely; (2) Respondents are to provide Petitioner with a privilege log, specifying which responsive documents, if any, Respondents claim are subject to the attorney-client privilege or the work product doctrine; *see Allstate Ins. Co. v. Kirshner*, No. 3:12-CV-1262 (JBA), 2015 WL 3620234, at *5 (D. Conn. June 9, 2015) ("Rule 26 of the Federal Rules of Civil Procedure provides that a party withholding documents on the basis

of privilege must 'expressly make the claim' and 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the claim' . . . . Additionally, Local Rule of Civil Procedure 26(e) mandates that 'when a claim of privilege or work product protection is asserted in response to a discovery request for documents . . ., the party asserting the privilege or protection shall provide . . . a privilege log.'") (citation omitted); and (3) the date range to be employed for the document production is September 1, 2017 through March 1, 2018, which is a compromise between the most recent date ranges suggested by the parties and reflects the Court's statement in the October 30, 2018 Ruling that "documents from some time period leading up to [Petitioner's removal] would be relevant." *In re Sampedro*, 2018 WL 5630586, at *5.

III. CONCLUSION

For the reasons detailed above, Petitioner's Renewed Motion to Compel (Doc. No. 56) is GRANTED in part and DENIED in part. The parties are directed to meet and confer immediately regarding the search terms that Respondent will employ to respond to Petitioner's requests, consistent with the limitations noted above and those noted in the Court's October 30, 2018 Ruling.[5] Respondents shall produce the responsive documents no later than December 10, 2018.

---

[5] If, after a good faith effort to meet and confer regarding the appropriate search terms, the parties are unable to resolve their dispute, they should contact Chambers for the Court's further assistance. The parties are reminded, however, that

> [t]he purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. . . . To achieve this end, the meet-and-confer obligation requires that the parties: meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

*Saliga v. Chemtura Corp.*, No. 3:12-CV-832 (VAB), 2015 WL 851849, at *1–2 (D. Conn. Feb. 26, 2015).

This is not a Recommended Ruling.  This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated this 30th day of November, 2018 at New Haven, Connecticut.

     /s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge