IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Application of LUIS JAVIER MARTINEZ SAMPEDRO for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Civil Action No.: 3:18-mc-00047 (JBA) |

**MEMORANDUM IN SUPPORT OF RESPONDENTS'
EMERGENCY MOTION FOR STAY PENDING A RULING ON
RESPONDENTS' MOTION TO COMPEL RECIPROCAL DISCOVERY**

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue
New York, New York 10022

333 Main Street
Armonk, NY 10504

*Attorneys for Respondents Silver Point Capital, L.P., Contrarian Capital Management, LLC, and David Reganato*

Respondents Silver Point Capital, L.P. ("Silver Point"), Contrarian Capital Management, LLC ("Contrarian"), and David Reganato (collectively, "Respondents") respectfully submit this memorandum of law in support of their Emergency Motion to Stay Discovery Pending a Ruling on Respondents' Motion to Compel Reciprocal Discovery.

Respondents are complying with the Court's Order of November 30, 2018 (the "Order"), which granted in part Petitioner's Renewed Motion to Compel (Dkt. 56) and ordered the parties to meet and confer regarding "what search terms, if any, need to be narrowed or discarded entirely." Dkt. 78 at 4. Respondents have been engaged in that meet and confer process, including by providing "hit reports" for each requested search term, and hope to reach a set of mutually agreeable search terms without involvement of the Court. Respondents then will review the collected documents, screen for privilege, and be ready to produce documents as instructed by the Court.

However, Respondents file this Emergency Motion to seek a temporary stay of the ultimate production deadline until the Court has ruled on Respondents' Motion to Compel Reciprocal Discovery (Dkt. 61). That is because any such reciprocal discovery, to be enforceable, must be a condition of Respondents' own discovery obligations. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995) (without condition of reciprocal discovery, respondent "would be unable to gain access to analogous [petitioner] documents or testimony in Europe"). Petitioner has emphasized that he is not "within the jurisdiction" of this Court. He likely would resist any attempts to enforce an order of this Court in a foreign tribunal. And he would have no fear of contempt sanctions. Thus, if Respondents were forced to produce documents before Petitioner, then they would have no realistic prospect of enforcing any

2

reciprocal discovery.  The Court's order on reciprocal discovery would essentially be a dead letter.

This type of irreparable injury presents good cause for a temporary stay.  *See, e.g.*, *In re Agent Orange Prod Liab. Litig.*, 804 F.2d 19, 20 (2d Cir. 1986) (declining to lift Court's own stay because objecting parties "have a right to appellate review" and lifting stay "would deprive those parties of that right").  For example, courts routinely issue temporary stays of document production where appellate review would be mooted by the production of the documents in the absence of a stay.  *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007).  Similarly here, if the Court grants Respondents' request for reciprocal discovery after they have already disclosed their documents, Respondents would have no meaningful way to ensure that Petitioner complies with his discovery obligations.

The requested temporary stay would not result in any undue prejudice to Petitioner.  We assume that the Court will rule promptly on Respondents' Motion.  In the meantime, Respondents will conduct the required meet and confer process, collect all required documents, review them, screen for privilege, and have them ready to produce as soon as ultimately required.  Petitioner claims to need this discovery for a hearing in the Spanish Action set for January 16, 2019.  We see no reason why this temporary stay would prejudice that timeline, and in any event Petitioner's own Spanish counsel has acknowledged that evidence may be submitted in the Spanish Action after that date.  Dkt. 34 ¶ 25 (stating it is "possible for additional evidence to be presented to the Spanish court after this [January 16, 2019] hearing").

DATED:  December 4, 2018						Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

/s/ Duane L. Loft
Duane L. Loft (admitted *pro hac vice*)
Andrew Villacastin (admitted *pro hac vice*)
Mario O. Gazzola (admitted *pro hac vice*)
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
dloft@bsfllp.com
avillacastin@bsfllp.com
mgazzola@bsfllp.com

Ian M. Dumain (Bar No. ct27957)
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
idumain@bsfllp.com

*Attorneys for Respondents Silver Point Capital, L.P., Contrarian Capital Management, LLC, and David Reganato*