UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Application of LUIS JAVIER MARTINEZ SAMPEDRO for an Order Pursuant to 28 U.S.C. § 1782 to Compel Discovery for Use in a Foreign Proceeding | CASE NO. 3:18 MC 47 (JBA)<br><br>DECEMBER 5, 2018 |

## RULING ON RESPONDENTS' MOTION TO COMPEL RECIPROCAL DISCOVERY

I. BACKGROUND

Pending before the Court is the motion of the Respondents, Silver Point Capital, LP ("Silver Point"), Contrarian Capital Management, LLC ("Contrarian"), David Regenato ("Regenato"), and Norman Raul Sorensen Valdez ("Sorensen"),[1] in which they seek to compel the Petitioner, Luis Javier Martinez Sampedro, to provide reciprocal discovery pursuant to 28 U.S.C. § 1782. (Doc. No. 61). The Court presumes familiarity with the underlying facts and procedural history. (*See* Doc. No. 78; *see also In re Sampedro*, No. 18-MC-47 (JBA), 2018 WL 5630586, at *1 (D. Conn. Oct. 30, 2018)).

On October 30, 2018, United States District Judge Janet Bond Arterton issued a ruling in which she granted in part and denied in part Respondents' Motion to Quash, and concurrently denied without prejudice Petitioner's Motion to Compel. *See In re Sampedro*, 2018 WL 5630586, at *6 ["October 30, 2018 Ruling"]. In Respondents' Motion to Quash (Doc. No. 23), they argued, *inter alia*, that if the Court allowed Petitioner to conduct any discovery pursuant to Section 1782, then Respondents should have the opportunity to collect reciprocal discovery. (*See* Doc. No. 23-1 at 21). In the October 30, 2018 Ruling, the Court found that "the Respondents make no persuasive argument as to why the Court should order such reciprocity, nor have they identified

---

[1] Respondents Silver Point, Contrarian, and Regenato filed this Motion to Compel Reciprocal Disocvery on November 14, 2018. On that same date, Respondent Sorensen filed a Motion for Joinder in the Motion to Compel Reciprocal Discovery (Doc. No. 66), which the Court granted on November 15, 2018. (Doc. No. 70).

or requested any particular documents which are within the Court's jurisdiction beyond indicating their desire for a 'similarly broad' search that is 'commensurate in scope to what [P]etitioner receives.'" *In re Sampedro*, 2018 WL 5630586, at *6. Accordingly, "in the absence of a particularized argument for imposing reciprocity and without specification as to the testimony or documents sought, the Court declines to grant reciprocal discovery at this time." *Id.*

On November 14, 2018, Respondents Silver Point, Contrarian, and Regenato filed this Motion to Compel Reciprocal Discovery Pursuant to 28 U.S.C. § 1782 (Doc. No. 61), which Respondent Sorensen joined on November 15, 2018. (*See* Doc. Nos. 66 and 70; *see also* note 1, *supra*). On November 15, 2018, Respondents' motion was referred to this Magistrate Judge. (Doc. Nos. 68 and 71). In accordance with the Court's briefing schedule, Petitioner filed his opposition brief on November 27, 2018 (Doc. No. 76), and Respondents filed their reply on November 30, 2018. (Doc. No. 79).

For the reasons detailed below, Respondents' Motion to Compel Reciprocal Discovery Pursuant to 28 U.S.C. § 1782 (Doc. No. 61) is DENIED.

II.     DISCUSSION

In their motion, Respondents claim that, by declining to grant Respondents' request for reciprocal discovery "at this time," the Court left the door open for Respondents to reassert their request once they specify the documents they are seeking and the reasons they are seeking them. (*See* Doc. No. 61 at 4). In opposition, Petitioner argues that the Court denied Respondents' request for reciprocal discovery without leave to renew, and that, because the time to file a motion for reconsideration has passed, Respondents' motion should be denied.[2] (Doc. No. 76 at 12). The

---

[2] Petitioner argues also that Respondents have no basis for filing a "Motion to Compel" because "[t]he Federal Rules permit litigants to file 'motions to compel' against a party or non-party that fails to abide by its discovery obligations," but that "[R]espondents do not argue (nor could they) that [P]etitioner has an obligation to provide them discovery." (Doc. No. 76 at 11). Petitioner is correct in asserting that he does have any obligation to provide discovery to

2

Court agrees with Respondents' argument that declining to grant reciprocal discovery "at this time" left the door open for Respondents to reassert their request; however, the Court denies Respondents' renewed motion for reciprocal discovery.

The Supreme Court has stated that "[w]hen information is sought by an 'interested person,' a district court could condition relief upon that person's reciprocal exchange of information." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262, 124 S. Ct. 2466, 159 L.Ed.2d 355 (2004); *see also Application of Consorcio Minero, S.A. v. Renco Group, Inc.*, No. 11-MC-354 (RWS), 2012 WL 1059916, at *3 (S.D.N.Y. Mar. 29, 2012) ("[c]onsistently, the Second Circuit and the Supreme Court, have suggested that a district court could condition relief [under 28 U.S.C. § 1782] upon a reciprocal exchange of information, as such would lend parity to the disclosure mix." [quoting *Minatec Fins. S.A.R.L. v. SI Group, Inc.*, No. 08-CV-269, 2008 WL 3884374, at *9 (N.D.N.Y. Aug. 18, 2008)] [internal quotation marks omitted]). Notwithstanding, "Congress purposefully engineered section 1782 as a one-way street. It grants wide assistance to others, but demands nothing in return." *In re Furstenberg Fin., SAS*, No. 16-CV-60266 (BLOOM), 2018 WL 735670, at *2 (S.D. Fla. Jan. 10, 2018) (quoting *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995)) (internal quotation marks omitted); *see also John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 135 (3d Cir. 1985). Accordingly, "[g]rants of discovery under § 1782 are not contingent on the requesting party's acquiescence to reciprocal discovery." *In re Imanagement Servs. Ltd.*, No. Misc. 05-89 (FB), 2005 WL 1959702, at *6 (E.D.N.Y. Aug. 16, 2005).

Moreover, "[r]eciprocal discovery is appropriate where '[t]here is apparently no process by which [the party requesting reciprocal discovery] can seek and obtain documents from [the

---

Respondents; however, Respondents' motion makes clear that they are renewing their request that the Court order reciprocal discovery. "The overriding purpose of the Federal Rules of Procedure is to effect the just and efficient resolution of legal disputes," which "requires the elevation of substance over form." *McClain v. Pfizer, Inc.*, 692 F. Supp. 2d 229, 239 (D. Conn. 2010). Accordingly, the Court will address the substance of Respondents' motion.

other party] in the [foreign] proceedings in the manner in which discovery may proceed in the U.S. under 28 U.S.C. § 1782.'" *In re Application of Gorsoan Ltd. & Gazprombank OJSC*, No. 13-Misc-397 (PGG), 2014 WL 7232262, at *11 (S.D.N.Y. Dec. 10, 2014). "[C]ourts have allowed reciprocal discovery where there is no proceeding for the opposing party to retrieve discovery"; however, in those cases, "the parties to the 1782 proceeding have also been the parties involved in the pending or potential foreign proceeding." *In re Furstenberg Fin.*, 2018 WL 735670, at *4. When a respondent in a Section 1782 proceeding is "not a party to the underlying litigation, it is unclear what purpose reciprocal discovery would serve, other than as a prophylactic against a wide range of hypothetical actions against him." *Deposit Ins. Agency v. Leontiev*, No. 17-MC-414 (GBD)(SN), 2018 WL 3536083, at *11 (S.D.N.Y. July 18, 2018). The question of whether to order reciprocal discovery lies within the Court's discretion. *See In re Furstenberg Fin.*, 2018 WL 735670, at *2; *see also Consorcio Minero*, 2012 WL 1059916, at *2.

Respondents argue that they have a "substantial interest" in both the Spanish Litigation and the ICC Arbitration and that their request for reciprocal discovery is "tailored to obtain evidence critical to the foreign proceedings." (*See* Doc. No. 62 at 10–11). The only foreign proceeding at issue, however, is the Spanish Litigation, as that is the proceeding for which Petitioner requested, and the Court granted, discovery pursuant to Section 1782. (*See* Doc. No. 1; *see also In re Sampedro*, 2018 WL 5630586, at *1 ["Petitioner seeks discovery from the Respondents . . . for use in the Spanish Litigation."]). Respondents are not parties to the Spanish Litigation and, therefore, cannot request discovery or submit evidence in that proceeding. (Doc. No. 63 at ¶¶ 5 and 12; Doc. No. 77 at ¶ 5). As a result, it is not clear how Respondents would use the reciprocal discovery even if the Court granted the request. Although Respondents are unable to seek discovery in the Spanish Litigation or initiate their own, independent Section 1782 proceeding,

4

"such consideration[s are] entitled to less weight in light of the fact that [Respondents] . . . are non-parties to the . . . foreign proceeding[]." *In re Furstenberg Fin.*, 2018 WL 735670, at *4. Accordingly, the request for reciprocal discovery is denied.

III. CONCLUSION

For the reasons detailed above, Respondents' Motion to Compel Reciprocal Discovery Pursuant to 28 U.S.C. § 1782 (Doc. No. 61) is DENIED.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon a timely made objection.

Dated this 5th day of December, 2018 at New Haven, Connecticut.

/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge