UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Application of LUIS JAVIER MARTINEZ SAMPEDRO for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Civil No. 3:18mc47 (JBA)<br><br>January 3, 2019 |

**RULING ON RESPONDENTS' OBJECTION TO RULING ON MOTION TO COMPEL RECIPROCAL DISCOVERY**

The Respondents object to Magistrate Judge Spector's Ruling denying Respondents' Motion to Compel Reciprocal Discovery [Doc. # 84], seeking this Court's review of that order. For the reasons that follow, the Respondents' Objections [Doc. ## 91, 92] to that ruling are overruled.

**I. Background**

The Court assumes the parties' familiarity with the underlying discovery disputes in this case. After finding that Petitioner is entitled to some discovery from the Respondents under 28 U.S.C. § 1782, (Ruling on Resps.' Mot. to Quash and Pet.'s Mot. to Compel [Doc. # 55]), this Court referred several discovery motions, including the Respondents' Motion to Compel Reciprocal Discovery [Doc. # 61], to Magistrate Judge Spector [Doc. # 68]. Judge Spector denied the Respondents' Motion for Reciprocal Discovery, holding that although courts have authority to order reciprocal discovery in § 1782 cases, no such order is warranted in this case. (*See* Ruling on Resps.' Mot. to Compel ("the Ruling").) The Fund Respondents object to Judge Spector's ruling, and Respondent Sorensen joins that objection.

**II. Discussion**

*A. Legal Standard and Standard of Review*

In granting a request for discovery under § 1782, courts have broad discretion in deciding whether to also grant reciprocal discovery. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 262 (2004) ("When information is sought by an 'interested person,' a district court *could* condition relief upon that person's reciprocal exchange of information." (emphasis added)); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995) ("if the district court wished to insure procedural parity . . . it could have conditioned relief upon the parties' reciprocal exchange of information"); *In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("Section 1782 grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to attendant problems."). "Substantively, so long as the district court fashions its order in accordance with the 'twin aims' of § 1782, 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts,' . . . it acts within its discretion." *In re Esses,* 101 F.3d 873 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)).

A district court may modify or set aside a magistrate judge's decision on "[n]ondispositive [m]atters" only if "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under that standard, the reviewing court may not modify the magistrate judge's decision "simply because we would have decided the case differently" and instead "must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotations omitted). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Thus decisions of magistrate judges under § 1782 are generally reviewed by district courts under the clearly erroneous standard. *See, e.g. In re XPO Logistics, Inc.*, 2017 WL

6343689 (S.D.N.Y. 2017) (reviewing for clear error the magistrate judge's decision to grant in part petitioner's request for discovery under § 1782).

B. *Magistrate Judge Spector's Ruling Denying Respondents' Motion to Compel*

Judge Spector's denial of the Respondents' Motion to Compel acknowledged that courts have authority to grant reciprocal discovery under § 1782 but are not required to do so, with the question left to the discretion of the courts. The ruling cited cases from district courts in this circuit which, in deciding whether to grant reciprocal discovery under § 1782, considered factors like the respondent's ability to procure discovery abroad, whether the respondent is a party to the foreign proceeding and, relatedly, whether a respondent who is not a party to the foreign proceeding has any purpose for requesting reciprocal discovery. (Ruling at 4.)

The Ruling also addressed the Respondents' argument that they have a "substantial interest" in the foreign proceedings and have tailored their request for reciprocal discovery to "obtain evidence critical to the foreign proceedings." (*Id.*) Judge Spector found that because the "Respondents are not parties to the Spanish Litigation and, therefore, cannot request discovery or submit evidence in that proceeding," it is therefore "not clear how Respondents would use the reciprocal discovery even if the Court granted the request." (*Id.*) The Ruling also declined to consider the Respondents' possible uses of the requested reciprocal discovery in the ICC Arbitration because that foreign proceeding is not the one for which the underlying § 1782 discovery was granted, citing this Court's earlier Ruling on the Respondents' Motion to Quash and the Petitioner's Motion to Compel. (*Id.*)

Respondents argue that Judge Spector's Ruling "erred in refusing to grant reciprocal discovery" and should therefore be modified by this Court. (Resps.' Mot. at 6.) The Respondents acknowledge that a grant of reciprocal discovery is discretionary, not mandatory, (*see id.*), but

3

argue that Judge Spector's decision not to grant such discovery was nonetheless in error. The Respondents argue that the Ruling erred by (i) ignoring the ICC arbitration in finding that the only foreign proceeding at issue is the Spanish Litigation; (ii) failing to consider whether the Respondents have a "substantial interest" in the foreign proceedings and instead considering only whether they are "formally-named" parties; and (iii) failing to consider the standards for reciprocal discovery set forth in *Consorcio Minero, S.A. v. Renco Grp. Inc.*, 2012 WL 1059916 (S.D.N.Y 2012). (*See* Resps.' Mot. at 6-10.) Petitioner argues that those questions were "committed to [Magistrate Judge Spector's] discretion" and that Respondents have failed to show that the Ruling contained any error at all, let alone the sort of clear error "that would justify a reversal" of a magistrate judge's decision on a discovery matter. (Pet.'s Opp. to Resps.' Obj. [Doc. # 96] at 6.)

In support of their contention that the Ruling erred in holding that the only foreign proceeding at issue is the Spanish Litigation, the Respondents claim that "[r]eciprocal discovery is meant to ensure procedural 'parity' for *all* foreign parties and in *all* relevant foreign litigation." (Resps.' Mot. at 7 (emphasis in original).) Respondents argue that because this Court declined to issue a protective order prohibiting Petitioner from using any discovery obtained through § 1782 in the ICC arbitration, (Ruling on Resps.' Mot. to Quash and Pet.'s Mot. to Compel at 11-12), there will be no "procedural parity" if they are not granted reciprocal discovery for use in that arbitration. (*Id.* at 7-8.) However, the Respondents cite only *Consorcio Minero* in support of this argument, offering no other authority for their assertion that "parity" is required "for all foreign parties and in all relevant foreign litigation." In light of the broad discretion granted to courts on this question and the other district court cases cited in the Ruling which suggest that the Respondents are not entitled to reciprocal discovery, that Magistrate Judge Spector did not reach the same outcome as the court in *Consorcio Minero* was not clear error.

4

In support of their contention that the Ruling "erred by failing to even address" whether Respondents have a "substantial interest" in the foreign proceedings and finding that "it is not clear how Respondents would use the reciprocal discovery" because they are non-parties to the Spanish Litigation, the Respondents again cite only *Consorcio Minero*. (*See* Resps.' Mot. at 8.) Respondents argue that under that case, the "correct inquiry is not whether Respondents are formally-named 'parties' in the Spanish Litigation, but instead whether they have a "substantial interest in each of the [foreign] actions" and whether both proceedings "arise out of the same set of facts." (Resps.' Mot. at 8 (quoting *Consorcio Minero*, 2012 WL 1059916 at *4) (alteration in original).) In contrast, the Ruling cites cases which rely more heavily on whether a respondent requesting reciprocal discovery is "a party to the underlying litigation." (Ruling at 4 (citing, *inter alia, Deposit Ins. Agency v. Leontiev*, 2018 WL 3536083, at *11 (S.D.N.Y. 2018)).) Again, in light of the broad discretion granted to courts on this question and the other district court cases cited in the Ruling which suggest that non-parties to the foreign proceeding are often not entitled to reciprocal discovery, that Judge Spector did not use the same test or reach the same outcome as the court in *Consorcio Minero* was not clear error.

Finally, in support of their contention that the Ruling erred by failing to consider the standards for reciprocal discovery set forth in *Consorcio Minero*, the Respondents again cite only to that case. (*See* Resps.' Mot. at 8-10.) In deciding whether to grant reciprocal discovery, Judge Spector exercised the broad discretion granted to courts under § 1782 to determine how the principles of that statute and the relevant caselaw apply to the Respondents' request. In the absence of any controlling authority requiring Magistrate Judge Spector to follow the reasoning of *Consorcio Minero* and given the Ruling's consideration of other relevant cases, the Ruling's differences from the opinion in that case again do not constitute clear error.

Respondents essentially argue that Judge Spector should have followed the reasoning and standards of *Consorcio Minero* in considering their request for reciprocal discovery, but they have made no showing that Judge Spector's apparent decision not to do so was beyond the scope of the court's discretion, nor have they shown that it was "clearly erroneous or contrary to law." In the absence of any such showing, this Court cannot set aside the order of a magistrate judge on a nondispositive motion. *See* Fed. R. Civ. P. 72(a).

### III. Conclusion

For the foregoing reasons, Respondents' Objection to the Ruling on Respondents' Motion to Compel Reciprocal Discovery [Doc. # 91] is OVERRULED.

IT IS SO ORDERED.

　/s/　
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 3rd day of January 2019.