UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re Application of LUIS JAVIER MARTINEZ SAMPEDRO for an Order Pursuant to 28 U.S.C. § 1782 to Compel Discovery for Use in a Foreign Proceeding | : : : : : : : | CASE NO. 3:18 MC 47 (JBA)<br><br>FEBRUARY 22, 2019 |

## RULING ON RESPONDENTS' RENEWED MOTION FOR A PROTECTIVE ORDER
### (DOC. NO. 136)

I.     BACKGROUND

Familiarity with the Court's prior rulings is presumed.  On December 10, 2018, the parties filed a Joint Motion for Protective Order (Doc. No. 89) (the "Joint Protective Order").  In their Joint Motion, the parties explain that they "have agreed to the entry of a protective order to protect confidential and/or proprietary information that may be produced" in this proceeding, and that they "agree that the nature of these proceedings and the Court's prior rulings call for modifications to the standing protective order that applies under Judge Arterton's individual practice."  (Doc. No. 89 at 1).  Based on the parties' representations that they "agreed" to the contents of the Joint Protective Order, the undersigned granted the Joint Motion for Protective Order on January 2, 2019.  (Doc. No. 108; *see also* Doc. No. 135 at 10–11).  The Joint Protective Order provides, in relevant part, that "[i]nformation or documents designated as 'Confidential' shall not be disclosed to any person, except: [t]he requesting party and its attorneys providing advice or representation in connection with any of the Proceedings, including but not limited to counsel of record in the Proceedings[.]"[1]  (Doc. No. 108 at 2).

---

[1] The Protective Order defines "the Proceedings" as this action, the Spanish Litigation, and the related ICC arbitration. (Doc. No. 108 at 1).

On January 9, 2019, Respondents Contrarian Capital Management, LLC, Silver Point Capital, L.P., and David Regenato, filed an Emergency Motion for Protective Order (Doc. No. 128) explaining that David Jimenez Marquez ("Jimenez"), the former general counsel of Codere, "in fact is acting as an attorney for Petitioner in both foreign proceedings." (Doc. No. 128 at 2). In their motion, Respondents sought a protective order to "prohibit [Jimenez] . . . from accessing information deemed confidential under . . . the [Joint] Protective Order," and requiring "that all confidential information provided to Jimenez be immediately returned to counsel for Respondents." (Doc. No. 128 at 2). Following an on-the-record conference call on January 9, 2019, Respondents withdrew the motion "based on counsel for Petitioner's representation that [Jimenez] will not attend the deposition of David Regenato on January 10, 2019." (Doc. No. 131 at 1). Respondents reserved their right to renew the motion and seek other appropriate relief. (Doc. No. 131 at 1).

On January 16, 2019, Respondents filed this Renewed Motion for Protective Order (Doc. No. 136), with memorandum in support (Doc. No. 137). Petitioner filed a memorandum in opposition to Respondents' Motion on February 6, 2019 (Doc. No. 147), and Respondents filed their reply on February 20, 2019 (Doc. No. 155). On February 22, 2019, this Motion was referred to the undersigned. (Doc. No. 158).

For the reasons detailed below, Respondents' Renewed Motion for Protective Order (Doc. No. 136) is DENIED.

II.     DISCUSSION

Respondents argue that, because Jimenez was the general counsel of Codere when Petitioner was terminated and commenced the pending Spanish Litigation and ICC arbitration (collectively, the "foreign proceedings"), he cannot properly serve as Petitioner's counsel in the

2

foreign proceedings due to a conflict of interest. (*See* Doc. No. 137 at 10). Respondents maintain that a protective order is necessary to prevent Jimenez from "misusing Respondents' confidential discovery in furtherance of a conflicted representation." (Doc. No. 137 at 10). Specifically, Respondents claim that, "[a]bsent a protective order, Jimenez would be able to use Respondents' confidential discovery to advise and assist Petitioner in litigation against Codere, his former client, on matters substantially related to his former representation of Codere." Additionally, Respondents argue that a protective order is necessary to prevent Respondents' confidential business information from being disclosed improperly, and that there are no compelling interests against issuance of a protective order. (Doc. No. 137 at 9–12). Petitioner responds first that this Court should decline to rule on this issue until the Spanish court has ruled on whether Jimenez's representation of Petitioner presents a conflict of interest. (*See* Doc. No. 147 at 11–14). Petitioner argues also that Respondents have provided this Court with no justification for modifying the Joint Protective Order and that Respondents have failed to establish both good cause for the issuance of a protective order and a disqualifying conflict of interest. (*See* Doc. No. 147 at 14–32).

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Gomez v. Resurgent Capital Servs., L.P.*, 129 F. Supp. 3d 147, 152 (S.D.N.Y. 2015) (internal quotation marks omitted). The requirement of "good cause" is the "touchstone of the court's power under Rule 26(c)[.]" *Id.* The party seeking the protective order bears the burden of showing good cause. *See id.* at 152–53; *see also Nwachukwu v. Liberty Bank*, No. 3:16-CV-704 (CSH), 2018 WL

3

2016854, at *2 (D. Conn. May 1, 2018) (citing *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir. 1981)).

Although Respondents' Motion does not specifically request that the Court disqualify Jimenez from representing Petitioner, disqualification of Jimenez would be the likely result of this Court's issuance of the protective order that Respondents seek. Disqualification of an attorney "is called for only where an attorney's conduct tends to taint the underlying trial . . . ." *United States v. Prevezon*, 839 F.3d 227, 241 (2d Cir. 2016) (internal quotation marks omitted). "One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against a client." *Id.* (quoting *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005)).

Here, the Joint Protective Order, which was drafted by all of the parties in this action and presented to the Court as a collective, agreed-upon request, allows a party's counsel to review documents that have been designated as "confidential." (*See* Doc. No. 108 at 2). Jimenez is acting as Petitioner's counsel in the foreign proceedings and, therefore, under the Joint Protective Order, is entitled to review the confidential documents that Respondents have produced in this action. For Jimenez to be prohibited from reviewing the confidential materials, the Court would have to disqualify Jimenez from representing Petitioner. The problem, however, is that Jimenez is a foreign lawyer who is representing Petitioner in the underlying foreign proceedings, which are taking place in Spain. Whether this Magistrate Judge believes that grounds for disqualifying Jimenez exist is irrelevant, as any "trial taint" would occur in a foreign tribunal. *See Prevezon*, 839 F.3d at 241. It is not the role of this Court "to regulate the conduct of foreign counsel in foreign proceedings that are not before [it]." *Coan v. Dunne*, No. 3:15-CV-50 (JAM), 2019 WL 302674, at *7 (D. Conn. Jan. 22, 2019). Therefore, the Spanish Court should decide whether

Jimenez may properly represent Petitioner. Should the Spanish Court determine that Jimenez may not act as Petitioner's counsel, the Joint Protective Order, as written, would suffice to prevent Jimenez from accessing the confidential materials. Respondents have not shown that this Court has "some kind of free-ranging international authority to enforce [Spanish] rules of professional conduct against foreign counsel like [Jimenez]." *Id.* Accordingly, Respondents Motion must be denied.

III. <u>CONCLUSION</u>

For the foregoing reasons, Respondents' Renewed Motion for Protective Order (Doc. No. 136) is DENIED.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated this 22nd day of February, 2019 at New Haven, Connecticut.

/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge