UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
In re Application of LUIS JAVIER MARTINEZ  :
SAMPEDRO for an Order Pursuant to 28 U.S.C. :  CASE NO. 3:18-MC-47 (JBA)
§ 1782 to Compel Discovery for Use in a Foreign :
Proceeding                                 :  JULY 30, 2019
---------------------------------------------------------------x

RULING ON PETITIONER'S RENEWED MOTION FOR PERMISSION TO PROVIDE
§ 1782 DISCOVERY TO THE SPANISH REGULATOR (DOC. NO. 198) AND
RESPONDENTS' MOTION FOR PROTECTIVE ORDER (DOC. NO. 206)

I.  BACKGROUND

The Court presumes familiarity with its prior rulings, as well as the facts and procedural history of this case. On April 8, 2019, Petitioner, Luis Javier Martinez Sampedro, filed his original Motion for Permission to Provide § 1782 Discovery to the Spanish Regulator (Doc. No. 165) and, in a Ruling dated May 20, 2019, the undersigned denied the motion (Doc. No. 181). On May 28, 2019, Petitioner filed a Motion for Clarification of the May 20, 2019 Ruling. (Doc. No. 182). Following telephonic oral argument (*see* Doc. Nos. 189, 192, 196, and 197), the undersigned construed the Motion for Clarification as a Motion for Reconsideration, granted reconsideration, and vacated the May 20, 2019 Ruling (*see* Doc. No. 194). The undersigned ordered further that, in light of "new evidence that existed at the time that [the Court] denied Petitioner's [original] Motion for Permission to Provide 1782 Discovery to the Spanish Regulator[,]" the parties were to submit new briefing on the Motion for Permission and address following issues:

> (1) whether the filing of a formal complaint with the CNMV meets the requirement that a proceeding be "within reasonable contemplation[,]" *see In re Furstenberg Fin. SA*, No. 18-MC-44 (JGK), 2018 WL 3392882, at *4 (S.D.N.Y. July 12, 2018); (2) if so, what discovery is appropriate; and (3) any other issues that the parties think would aid the Court in reaching a decision on the Revised Motion for Permission.

(Doc. No. 194). Petitioner submitted this Renewed Motion for Permission to Provide § 1782 Discovery to the Spanish Regulator on July 2, 2019 (Doc. No. 198).[1] On July 16, 2019, Respondents filed their oppositions to Petitioner's Motion, as well as their own Motion for Protective Order.[2] (Doc. Nos. 206, 207, and 210). Petitioner filed his reply on July 19, 2019. (Doc. No. 211).

For the reasons articulated below, Petitioner's Motion to Provide § 1782 Discovery to the Spanish Regulator (Doc. No. 198) is GRANTED, Petitioner's Motion to De-Designate is DENIED as moot, Petitioner's Motion to Seal (Doc. No. 203) is GRANTED, and Respondents' Motion for Protective Order (Doc. No. 206) is DENIED.

II. DISCUSSION

In support of his Renewed Motion for Permission, Petitioner makes three arguments. First, Petitioner argues that the Court should grant the motion pursuant to the "special provision" of the Stipulated Protective Order (Doc. No. 108) that governs requests to use the § 1782 discovery in related proceedings. (Doc. No. 199 at 9–19). Second, and in the alternative, Petitioner argues that the Court should grant his Motion pursuant to its "inherent authority" to modify the existing protective order. (Doc. No. 199 at 19–23). Third, Petitioner argues that, if the Court grants the Motion for Permission, the Stipulated Protective Order would remain in effect, as modified, and

---

[1] Petitioner's Renewed Motion for Permission includes also a Motion to De-Designate, in which Petitioner argues that "[i]f the Court denies Petitioner's [M]otion for [P]ermission, then Petitioner respectfully submits that it should address and grant his motion, made in the alternative, to de-designate a subset of the documents that Respondents produced as 'confidential.'" (Doc. No. 199 at 24). In light of the conclusions reached in this Ruling, the Motion to De-Designate is denied as moot.
     Also on July 2, 2019, Petitioner filed a Motion to Seal an exhibit submitted in support of his Motion for Permission (Doc. No. 203), which Petitioner explains "include[s] references to documents that Respondents had designated as 'confidential' under the operative protective order" (Doc. No. 203 at 1). The Motion to Seal (Doc. No. 203) is granted.

[2] Respondent Norman Raul Sorensen Valdez joined the arguments that the Fund Respondents made in their opposition and Motion for Protective Order. (*See* Doc. No. 210 at 2). Respondent Sorensen submitted his own opposition brief, however, to emphasize arguments against de-designation. (*See* Doc. No. 210).

2

Petitioner would not require any additional or new discovery. (Doc. No. 199 at 23–24). In opposition to Petitioner's motion, and in support of their Motion for Protective Order (Doc. No. 206), Respondents argue that there is no "proceeding" within reasonable contemplation in which Petitioner can use the discovery (Doc. No. 207 at 11–21), and, in the alternative, that there exists good cause to prohibit disclosure to the CNMV and issue a separate protective order (Doc. No. 207 at 21–25).

On January 2, 2019, the Court granted the parties' Joint Motion for Protective Order and issued the parties' Stipulated Protective Order. (*See* Doc. No. 108). The Stipulated Protective Order provides, *inter alia*, that, if the producing party agrees, the receiving party may use the discovery obtained in this proceeding "in another litigation, arbitration, or other proceeding arising out of or related to the facts and matters at issue in either the Spanish Litigation or the ICC Arbitration[.]" (Doc. No. 108 at 1). However, "[i]f the producing party does not agree, then the receiving party may request permission from the Court for such use." (Doc. No. 108 at 1). "In that event," the parties agreed that

> the provisions of this [stipulated] protective order shall not be considered in the Court's resolution of the question whether such further use should be permitted; and neither the existence of this [stipulated] protective order, nor any part thereof, nor the parties' agreement thereto shall affect either (1) which party bears the burden of showing whether use in additional proceedings should be permitted or restricted, or (2) what that burden is.

(Doc. No. 108 at 1). Thus, the Court cannot consider the provisions of the Stipulated Protective Order in resolving this motion and, as a result, must determine (1) whether a proceeding is ongoing or "within reasonable contemplation," and (2) whether, even if there is a related proceeding, there is good cause to prevent disclosure of Respondents' documents to the CNMV in connection with that proceeding.

A. WHETHER THERE EXISTS A PROCEEDING IN WHICH PETITIONER CAN USE THE § 1782 DISCOVERY

As Petitioner notes, "the first question for the Court is whether Petitioner's [M]otion seeks to use or disclose discovery in connection with a 'proceeding.'" (Doc. No. 199 at 9). Petitioner argues that he "has already filed a complaint with the CNMV, . . . the CNMV has stated that it is investigating the allegations," and "the first stage of the two-stage regulatory process has already been initiated[,]" creating a "'proceeding' in the CNMV." (Doc. No. 199 at 10–11). Respondents maintain that there is no proceeding within reasonable contemplation because "(i) the CNMV is not presently conducting an investigation and is unlikely ever to do so; and (ii) the fact of Petitioner's filing of a complaint does not bring any future proceeding within 'reasonable contemplation.'" (Doc. No. 207 at 12). The Court agrees with Petitioner.

"Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings"; a proceeding needs only to be "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258–59, 124 S. Ct. 2466, 159 L. Ed. 2d 355 (2004). "The applicant must provide some objective indicium that the action is being contemplated[,] . . . [and] the proceedings cannot be merely speculative." *In re Furstenberg Fin. SAS*, No. 18-MC-44 (JGK), 2018 WL 3392882, at *4 (S.D.N.Y. July 12, 2018) (citing *Certain Funds, Accounts and/or Inv. Vehicles v. K.P.M.G., LLP*, 798 F.3d 113, 123–24 (2d Cir. 2015)) (internal quotation marks omitted); *see also In re Hornbeam Corp.*, 722 F. App'x 7, 9–10 (2d Cir. 2018) (summary order).

The parties do not dispute that an ongoing CNMV sanction proceeding would constitute a "proceeding" in which Petitioner could use the § 1782 materials. The issue here is the whether the CNMV has in fact initiated a sanction proceeding or has at least taken sufficient steps to put such a proceeding "within reasonable contemplation." *Intel*, 542 U.S. at 259. Petitioner maintains that

4

the CNMV has a two-step procedure: "first, an investigation and second, if warranted by the investigation, an official sanctioning procedure." (Doc. No. 199 at 7 (citing Doc. No. 200 at ¶ 8)). Meanwhile, Respondents aver that the CNMV procedure contains three steps: "first is the receipt of a complaint, upon which the CNMV decides if it presents enough of a foundation for the agency to proceed further" (Doc. No. 207 at 13 (citing Doc. No. 209 at ¶ 5; Doc. No. 174 at ¶¶ 8–10, 14)); "second is an investigation, which would commence only *after* the CNMV informs the target (Codere or Respondents) that a sanctioning procedure has been initiated" (Doc. No. 207 at 13 (citing Doc. No. 209 at ¶12) (emphasis in original)); and "third . . . is an adjudicative proceeding that would take place only if the CNMV determines that one is warranted upon completion of an investigation" (Doc. No. 207 at 13 (citing Doc. No. 209 at ¶ 14)).

The Fund Respondents submitted the affidavit of Javier Moya (Doc. No. 209), who is an attorney that has "acted as external counsel of the CNMV for several years" (Doc. No. 209 at ¶ 2). In his affidavit, Attorney Moya explains that what Petitioner is calling an investigation "is not an investigative phase in an administrative proceeding under the terms of Act 39/2015, but rather a step which takes place prior to the decision by the CNMV to initiate the sanctioning proceeding." (Doc. No. 209 at ¶ 15). He continues:

> During this phase, which is devised in order to open a confidential channel of communication with the CNMV on potential law infringements, the CNMV formally analyzes the complaint solely in order to *determine whether or not there is a well-founded suspicion of infringement and whether the complaint contains factual elements from which at least a reasonable suspicion of infringement derives.* The CNMV might request [from] the complainant further documents during this phase, but the purpose of obtaining such additional documentation is not to investigate (in the meaning contemplated in Act 39/2015), but rather to reach the conclusion as to whether a well-founded suspicion of infringement exists.

(Doc. No. 209 at ¶ 15 (emphasis in original)). Attorney Moya added that "[i]f the CNMV determines that there are insufficient grounds to initiate a sanctioning procedure, it will inform the complainant of its decision." (Doc. No. 209 at ¶ 6).

Based on the factual record related to Petitioner's July 2, 2019 motion (Doc. No. 198), the Court concludes that a proceeding is within reasonable contemplation. On the basis of Attorney Moya's affidavit, it is apparent that, at this moment, the CNMV is reviewing the complaint that Petitioner and his brother submitted jointly to determine whether there exists a "well-founded suspicion of infringement" (*See* Doc. No. 209 at ¶ 15 (emphasis omitted)), and that "the CNMV has not informed the Petitioner that 'there are insufficient grounds to initiate a sanctioning procedure' or that otherwise it will not investigate the facts described in the complaint or will not initiate a sanctioning proceeding against the Respondents." (Doc. No. 213 at ¶ 9). During the CNMV's "review" of the complaint, it may ask the complainant for additional documents to aid in its assessment of whether a "well-founded suspicion of infringement" exists. (Doc. No. 209 at ¶ 15). At the conclusion of its "review," the CNMV will determine whether it will initiate a sanctioning proceeding, the outcome of which would be reviewable by a Spanish court. (*See* Doc. No. 213 at ¶¶ 8, 18–24; *see also* Doc. No. 211 at 6). Although the filing of a complaint may not trigger automatically a sanction proceeding, it does trigger an initial "review" into the existence of a "well-founded suspicion of infringement." (*See* Doc. No. 209 at ¶ 15). The evidence before the Court establishes that the complaint is still pending before the CNMV and that the CNMV is conducting this initial "review." Accordingly, the Court concludes that a proceeding is "within reasonable contemplation."[3] *See Intel*, 542 U.S. at 259.

---

[3] In response to Petitioner's original motion (Doc. No. 165), which did not represent that a complaint had been filed, Respondents recognized that the CNMV's commencement of an investigation would constitute a proceeding under the protective order. (*See* Doc. No. 171 at 11–12). It is now undisputed that a formal complaint has been filed. The disagreement appears to be over the issue of whether the filing of a formal complaint with the CNMV automatically

B. WHETHER THERE EXISTS GOOD CAUSE TO PROHIBIT DISCLOSURE TO THE CNMV AND ENTER A SEPARATE PROTECTIVE ORDER

Petitioner argues that, "[b]ecause a CNMV investigation is a 'proceeding,' Respondents must show 'good cause' to prevent disclosure" (Doc. No. 199 at 13–15), and that Respondents cannot make this requisite showing (Doc. No. 199 at 15–19). In response, Respondents maintain that good cause does exist to prohibit disclosure to the CNMV, warranting "a separate protective order preventing Petitioner from disclosing Respondents' discovery to the CNMV." (Doc. No. 207 at 21; Doc. No. 206). Respondents make two arguments in support of their Motion for Protective Order: first, that the Spanish Court has ruled that the § 1782 materials are inadmissible in the Spanish Litigation (Doc. No. 207 at 22–24); and second, that a protective order would prevent both "interfere[nce] with Codere's ongoing discussions with the CNMV" and the "further misus[e] [of] Respondents' discovery in violation of the confidentiality provisions of the [Stipulated] Protective Order" (Doc. No. 207 at 24–25).

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The burden of establishing good cause for a protective order falls on the party seeking the protective order. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). "Good cause is established by demonstrating a clearly defined and serious injury resulting from disclosure. . . . Broad allegations of harm will not establish good cause, rather to establish good cause under [Fed. R. Civ. P.] 26(c), courts require a particular and specific demonstration of

---

triggers the sanction proceeding, as Petitioner maintains (*see* Doc. No. 199 at 7), or whether the filing of a formal complaint triggers only an initial review, as Respondents maintain (*see* Doc. No. 207 at 13). In the Court's view, the question of whether the filing of a complaint with the CNMV automatically triggers a sanction proceeding is not the relevant question for the issue of whether the § 1782 discovery can be provided. Petitioner has presented enough facts through the affidavits filed in support of his motion to establish that a formal complaint remains pending and under review, which is sufficient to establish that a proceeding is at least "within reasonable contemplation."

7

fact, as distinguished from stereotyped and conclusory statements." *Charter Practices Int'l v. Robb*, No. 3:12-CV-1768 (RNC), 2015 WL 1268295, at *4 (D. Conn. Mar. 19, 2015) (quoting *Hansen v. U.S. Airports Air Cargo, LLC*, No. 3:07-CV-353 (JCH)(HBF), 2008 WL 4426909, at *1 (D. Conn. Sept. 26, 2008)) (additional citations omitted). A "particular and specific demonstration of fact" is not established where the injury alleged is speculative. *See Charter Practices Int'l*, 2015 WL 1268295, at *5 (citing *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006)); *see also HSqd, LLC v. Morinville*, No. 3:11-CV-1225 (WWE), 2013 WL 1149944, at *3 (D. Conn. Mar. 19, 2013).

Here, based on the Respondents' arguments, there does not exist good cause for the issuance of a protective order. First, the Spanish Court's ruling that the § 1782 discovery is inadmissible does not foreclose Petitioner from using the discovery. *See In re Imanagement Servs., Ltd.*, No. 05-Misc-89 (FB), 2005 WL 1959702, at *2 (E.D.N.Y. Aug. 16, 2005) (concluding that "§ 1782 contains no requirement that particular evidence be admissible in an ongoing foreign proceeding" and that "the Second Circuit has never held that in order for discovery sought pursuant to § 1782 to be 'for use' in a foreign proceeding, it must be admissible under the rules of the foreign tribunal."). The Spanish Litigation is ongoing, and Petitioner will have to prepare witnesses, craft questions, and present his case. The Court agrees with Petitioner that this suffices "to place a beneficial document—or the information it contains—before a foreign tribunal." *See In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131 (2d Cir. 2017). Because Petitioner can still "use" the § 1782 discovery in the Spanish Litigation, the Court cannot conclude the "original purpose of obtaining discovery has been extinguished." (Doc. No. 207 at 24). Therefore, the Spanish Court's ruling that the § 1782 discovery is inadmissible does not provide good cause for denying Petitioner's Motion for Permission and granting Respondents' Motion for Protective Order.

Second, the argument that disclosing the § 1782 discovery to the CNMV would "interfere with Codere's ongoing discussions with the CNMV" is meritless. As discussed above, Respondents' supported their briefing with, *inter alia*, the affidavit of Attorney Moya, who explained that, upon the filing of a complaint, the CNMV conducts a "review," "which is devised in order to open a confidential channel of communication with the CNMV on potential law infringement." (Doc. No. 209 at ¶ 15). The creation of a "confidential channel of communication" with a complainant runs against Respondents' argument that Petitioner's disclosure of documents to the CNMV would "interfere with Codere's ongoing discussions with the CNMV."

Third, to the extent that Respondents are requesting a new proposed protective order to address Petitioner's alleged misuse of the confidential § 1782 materials, such an order is not the appropriate remedy. If Petitioner violated the terms of the Stipulated Protective Order (Doc. No. 108), Respondents could have raised that violation in a separate motion and sought an appropriate sanction to address the alleged misconduct. Whether Petitioner has violated the protective order in other contexts is entirely irrelevant to the question of whether good cause exists to prevent disclosure of § 1782 discovery to the CNMV.

The evidence before the Court establishes that the CNMV "maintains the confidentiality of documents it receives or uncovers during its investigations." (Doc. No. 168 at ¶ 7). Although there are exceptions to the CNMV's confidentiality provisions (*see* Doc. No. 168 at ¶ 9), Respondents have not established that any of these exceptions would apply resulting in public disclosure of their confidential information. Respondents have also not established that disclosure of the § 1782 materials to the CNMV would result in "annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c). Accordingly, Respondents have not shown

that there exists good cause to prevent disclosure to the CNMV and for issuance of a separate protective order.

III. CONCLUSION

For the foregoing reasons, Petitioner's Renewed Motion for Permission to Provide § 1782 Discovery to the Spanish Regulator (Doc. No. 198) is GRANTED, Petitioner's Motion to De-Designate is DENIED as moot, Petitioner's Motion to Seal (Doc. No. 203) is GRANTED, and Respondents' Motion for Protective Order (Doc. No. 206) is DENIED. With the exception of disclosure to the CNMV, the provisions of the Stipulated Protective Order (Doc. No. 108) remain in full effect and govern the discovery provided in this matter.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 30th day of July 2019.

/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge