UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
In re Application of LUIS JAVIER MARTINEZ   :
SAMPEDRO for an Order Pursuant to 28 U.S.C. :   CASE NO. 3:18-MC-47 (JBA)
§ 1782 to Compel Discovery for Use in a Foreign :
Proceeding                                  :   FEBRUARY 11, 2020
---------------------------------------------------------------x

## RULING ADDRESSING THE RESPONDENTS' *IN CAMERA* SUBMISSION

I.     BACKGROUND

The Court presumes familiarity with its prior rulings, as well as the facts and procedural history of this case. On December 28, 2018, the petitioner filed an Emergency Motion to Compel Production of Improperly Withheld Documents (Doc. No. 99), which United States District Judge Janet Bond Arterton referred to the undersigned. The petitioner argued that the respondents had improperly withheld documents based on a claim of attorney-client privilege and that the respondents' privilege logs were both untimely and deficient.

This Court granted in part and denied in part the petitioner's motion on January 10, 2019, directing the respondents to produce to the petitioner pre-January 12, 2018 communications between the Codere Board and G3M which did not include Linklaters, but denying the petitioner's motion to compel production of communications between the Codere Board and Linklaters, including those with G3M. (Doc. No. 133). The petitioner filed an objection to this Court's ruling on January 24, 2019. (Doc. No. 142). In that objection, the petitioner argued, *inter alia*, that the respondents should be ordered to produce 187 communications between the Codere Board and Linklaters which included other Codere employees. (*Id.* at 27-29).

On December 27, 2019, the United States District Court (Arterton, J.) issued a decision which overruled the petitioner's objection to this Court's January 10, 2019 discovery ruling (Doc.

No. 235) but found that the undersigned had not addressed whether the respondents had properly withheld communications between the Codere Board and Linklaters which included other Codere employees. (*Id.* at 12). On January 14, 2020, the undersigned directed the respondents to provide the 187 communications at issue, along with a privilege log, to the Court for an *in camera* review. (Doc. No. 247). The parties submitted simultaneous briefs on January 22, 2020. (Doc. Nos. 251, 252). In the respondents' supplemental brief, they withdrew their claim of privilege as to 29 documents, leaving 158 communications at issue. (Doc. No. 251 at 2).

On January 29, 2020, the Court issued a ruling finding that 152 of the 158 communications provided to the Court were properly withheld as privileged documents. (Doc. No. 254). The Court could not determine whether there was a waiver of privilege for six of the communications submitted for *in camera* review. As a result, the Court directed the respondents to submit a supplemental memorandum explaining why the remaining six communications were privileged and, in particular, whether any privilege was waived by the inclusion of the following four individuals on those communications: an attorney from Richards Kibbe & Orbe LLP, two employees of Silver Point Capital, and Denice Dalby, whose employment affiliation was not apparent from the communications. The respondents filed their response on January 31, 2020, with an accompanying affidavit from David A. Reganato. (Doc. Nos. 255, 256). The petitioner sought leave to file a response, and, on February 4, 2020, after the Court granted that request, he submitted a memorandum in opposition to the respondents' submission. (Doc. Nos. 259, 260).

II.  DISCUSSION

The respondents argue that the privilege was not waived as to these six communications because the attorney from Richards Kibbe & Orbe also represented the subset of the Codere Board, the employees from Silver Point Capital shared a common interest with Codere, and Ms. Dalby

2

and Ms. Martin were agents of two Codere directors. The Court will address each of these communications in turn.

First, as to the single communication including an attorney from Richards Kibbe & Orbe, the petitioner argues that it is not privileged at all because "black-letter law establishes that [any] communication" which "concern[s] an engagement letter with Linklaters, or the terms thereof" "may . . . not [be] entitled to any protection." (Doc. No. 260 at 1). Though the respondents do not mention the content of the communication, and the privilege log describes it as an "attorney client communication re: arbitration," the Court's review of this communication (designated by Control Number CTRL0000017596) confirms that the email includes two drafts of an engagement letter as attachments (CTRL0000017597 and CTRL0000017598).

In general, the "fact of retainer [and] identity of the client" are not privileged, because they do not qualify as "confidential communications" made for the purpose of securing legal advice. *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009) (citing *United States v. Pape*, 144 F.2d 778, 782 (2d Cir. 1944)). "[F]ee information" is also not privileged." *Id.* (citing *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984)). Content which "reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall[s] within the privilege." (*Id.* (citing *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). Upon review of the draft engagement letters, the Court finds that they are only partially privileged. The respondents shall produce CTRL0000017597 and CTRL0000017598 to the petitioner, redacting only paragraphs 1.1, 1.2, 1.3, 1.4, 1.5, 2.1.1, 2.1.2 and 2.1.3 in both documents. In addition, the respondents shall produce CTRL0000017596, which is the email itself.

3

The respondents need not turn over CTRL0000017597 and CTRL0000017598 in their entirety because no waiver of the attorney-client privilege occurred. The respondents provided a declaration from David A. Reganato, a Codere director, affirming that "[i]n February 2018, the subset of the Codere board of directors engaged the law firm of Richards Kibbe & Orbe to provide advice on the appropriate structure of the Linklaters engagement." (Reganato Decl. ¶ 4). Thus, the attorney from Richards Kibbe & Orbe was not a third party to an attorney-client relationship, and no waiver occurred by virtue of her inclusion in the email communication.

Second, as to the three communications involving Mr. Weiser, an employee of Silver Point Capital (CTRL0000028025, CTRL0000028026 and CTRL0000028027), the respondents argue that, by the time the communications were sent on January 30, 2018, Silver Point Capital had a common interest with Codere. (Doc. No. 255). "The attorney client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). A review of these three communications reveals that they concerned the scheduling of conversations with counsel regarding an invoice and an engagement letter; they were not made for the purpose of obtaining or providing legal advice. Thus, these communications are not privileged, and the Court need not reach the issue of whether the inclusion of third parties on the communications waived the privilege. *See Koumoulis v. Independent Financial Marketing Group, Inc.*, 295 F.R.D. 28, 46 (E.D.N.Y. 2013) ("Communications about scheduling are not privileged."); *Weinstein v. Univ. of Connecticut*, No. 11-CV-1906(WWE) (HBF), 2013 WL 2244310, at *6 (D. Conn. May 21, 2013)).[1]

---

[1] The Court's *in camera* review revealed many email chains where the most recent email was itself not substantive in that it confirmed receipt of a prior email or dealt with scheduling, but where the remainder of the email chain included privileged communications and attachments. In those instances, the Court did not order the production of the non-substantive emails, following the procedure outlined in *Weinstein v. Univ. of Connecticut*, 2013 WL 2244310 at *6.

4

Third, as to the two communications with Ms. Martin and Ms. Dalby, the respondents represent that they served as administrative assistants to Codere directors Timothy Lavelle and Manuel Martinez-Fidalgo and that, as agents of these Codere directors, their inclusion did not waive privilege. (Doc. No. 255 at 2-3; Reganato Decl. ¶¶ 5, 6). The petitioner does not address this argument. "Communications can, as Supreme Court Standard 503(b)(1) indicates, be privileged if they are between a representative of the client and the client's lawyer." *In re Bieter Co.*, 16 F.3d 929, 936 (8th Cir. 1994); *see In re Teleglobe Communications Corp.*, 493 F.3d 345, 361 (3rd Cir. 2007) ("[I]f persons other than the client, its attorney, or their agents are present, . . . the privilege does not attach"); *In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 217 (S.D.N.Y. 2011) ("Consistent with Supreme Court Standard 503, courts have held that the attorney-client privilege protects communications between lawyers and agents of a client"); *Roe v. Catholic Health Initiatives Colorado*, 281 F.R.D. 632 (D. Colo. 2012) ("[T]he presence of a third-party will not destroy the attorney-client privilege if the third-party is the attorney's or client's agent"). Thus, no waiver of the privilege occurred, and the respondents need not produce CTRL0000016055 or CTRL0000016063.

In light of the Court's finding that four of the six communications did not include privileged information, the Court *sua sponte* reviewed the content of all of the communications and attachments originally submitted *in camera* on January 22, 2020 to determine whether any of those communications likewise did not include privileged information, as the original briefing and ruling focused only on whether the inclusion of Codere employees on these communications waived any privilege and not on whether the substance of the communications rendered them privileged. Based on this review, the Court orders the respondents to submit a supplemental memorandum on or before February 18, 2020 addressing whether the substance of the following twelve

communications constitute confidential communications between client and counsel made for the purpose of obtaining or providing legal advice: CTRL0000015991, CTRL0000015994, CTRL0000015999, CTRL0000016020, CTRL0000016021, CTRL0000016123, CTRL0000016130, CTRL0000016136, CTRL0000016253, CTRL0000016258, CTRL0000016264, and CTRL0000016319. In addition, this supplemental memorandum should address whether the following 26 attachments to communications should be disclosed as they do not appear to reveal any privileged communications: CTRL0000015973, CTRL0000015977, CTRL0000015992, CTRL0000015993, CTRL0000016145, CTRL0000016219, CTRL0000016255, CTRL0000016256, CTRL0000016257, CTRL0000016260, CTRL0000016261, CTRL0000016262, CTRL0000016238, CTRL0000016328, CTRL0000016330, CTRL0000016336, CTRL0000016348, CTRL0000016350, CTRL0000016352, CTRL0000016354, CTRL0000016356, CTRL0000016360, CTRL00000163362, CTRL0000016364, CTRL0000016366, and CTRL0000016368.

III. CONCLUSION

For the foregoing reasons, the respondents are directed to produce to the petitioner the communications and documents outlined above to the petitioner by February 18, 2020 and to submit a supplemental memorandum addressing whether the documents identified above contained privileged communications.

This is not a Recommended Ruling.  This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 11th day of February 2020.

/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge