UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
In re Application of LUIS JAVIER MARTINEZ      :
SAMPEDRO for an Order Pursuant to 28 U.S.C.    :    CASE NO. 3:18-MC-47 (JBA)
§ 1782 to Compel Discovery for Use in a Foreign :
Proceeding                                      :    MARCH 2, 2020
------------------------------------------------------------x

## RULING ADDRESSING THE RESPONDENTS' *IN CAMERA* SUBMISSION

I.  BACKGROUND

The Court presumes familiarity with its prior rulings, as well as the facts and procedural history of this case. On December 28, 2018, the petitioner filed an Emergency Motion to Compel Production of Improperly Withheld Documents (Doc. No. 99), which United States District Judge Janet Bond Arterton referred to the undersigned. The petitioner argued, *inter alia*, that the respondents had improperly withheld documents based on a claim of attorney-client privilege and that the respondents' privilege logs were both untimely and deficient.

This Court granted in part and denied in part the petitioner's motion on January 10, 2019, directing the respondents to produce to the petitioner pre-January 12, 2018 communications between the Codere Board and G3M which did not include Linklaters, but denying the petitioner's motion to compel production of communications between the Codere Board and Linklaters, including those with G3M. (Doc. No. 133). The petitioner filed an objection to this Court's ruling on January 24, 2019. (Doc. No. 142). In that objection, the petitioner argued, *inter alia*, that the respondents should be ordered to produce 187 communications between the Codere Board and Linklaters which included other Codere employees. (*Id.* at 27-29).

On December 27, 2019, the United States District Court (Arterton, J.) issued a decision which overruled the petitioner's objection to this Court's January 10, 2019 discovery ruling (Doc.

No. 235) but found that the undersigned had not addressed whether the respondents had properly withheld communications between the Codere Board and Linklaters which included other Codere employees. (*Id.* at 12). After an *in camera* review and supplemental briefing, in which the respondents withdrew their claim of privilege as to 29 documents, on January 29, 2020, the Court issued a ruling finding that 152 of the 158 communications provided to the Court were properly withheld as privileged documents. (Doc. No. 254). The Court directed the respondents to submit a supplemental memorandum as to the remaining six communications.

The respondents filed their response on January 31, 2020. (Doc. Nos. 255, 256). The petitioner sought leave to file a response, and, on February 4, 2020, after the Court granted that request, he submitted a memorandum in opposition to the respondents' submission. (Doc. Nos. 259, 260). On February 11, 2020, the Court issued a ruling finding that four of the six communications did not include privileged information. (Doc. No. 261). In light of this finding, the Court *sua sponte* reviewed the content of all of the communications and attachments originally submitted *in camera* on January 22, 2020 and ordered the respondents to submit a supplemental memorandum by February 18, 2020 addressing whether twelve communications and twenty-six attachments to communications were properly withheld as privileged. (*See id.*). The respondents filed their memorandum on February 18, 2020, withdrawing their claim of privilege as to all twelve of the communications and seven of the twenty-six attachments. (Doc. No. 263 at 2). The Court will now address the remaining nineteen attachments.[1]

---

[1] These nineteen attachments are designated by the following control numbers: CTRL0000016255, CTRL0000016256, CTRL0000016257, CTRL0000016260, CTRL0000016261, CTRL0000016262, CTRL0000016328, CTRL0000016330, CTRL0000016336, CTRL0000016348, CTRL0000016350, CTRL0000016352, CTRL0000016354, CTRL0000016356, CTRL0000016360, CTRL00000163362, CTRL0000016364, CTRL0000016366, and CTRL0000016368.

II.     DISCUSSION

"[I]nformation communicated to an attorney in connection with obtaining or rendering legal advice is properly subject to a claim of privilege, even if the information standing alone would not otherwise be subject to a claim of privilege." *Gen. Elec. Co. v. United States*, No. 14-CV-190, 2015 WL 5443479 (JAM), at *1 (D. Conn. Sept. 15, 2015); *United States v. Cunningham*, 672 F.2d 1064, 1073, n. 8 (2d Cir. 1982) ("[W]e do not suggest that an attorney-client privilege is lost by the mere fact that the information communicated is otherwise available to the public. The privilege attaches not to the information but to the communication of the information").

Here, the nineteen documents at issue were attached to emails between Linklaters, members of the Codere Board, an employee of G3M,[2] and counsel from Boies Schiller Flexner LLP ("BSF"). The attachments were included on emails dated February 27, 2018 and February 28, 2018. As noted by the respondents, and confirmed by the Court's review, "[t]he cover emails reflect an itemized 'request list' prepared by BSF identifying the documents deemed necessary to prepare the 'response to litigation.'" (Def.'s Mem. at 2). The respondents sent the attachments to BSF in response to these emails. Thus, whereas each document, standing alone, may not contain privileged information, in this context, they were properly withheld as privileged because they constitute "information communicated to an attorney in connection with obtaining or rendering legal advice." *Gen. Elec. Co.*, 2015 WL 5443479, at *1-2 (finding that "attachments . . . evincing facts that were known to third party who was not part of the privileged communications does not render these documents free from a valid claim of privilege" because they were included within otherwise privileged communications).

---

[2] This Court previously concluded that, after January 12, 2018, "G3M employees became the 'functional equivalent' of Linklaters' clients, as they were de facto employees of Codere." (Doc. No. 133 at 8).

III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that the nineteen attachments referenced above were properly withheld as privileged.

This is not a Recommended Ruling.  This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); and D. CONN. L. CIV. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 2nd day of March 2020.

/s/ *Robert M. Spector*, USMJ
Robert M. Spector
United States Magistrate Judge